PAN–ALASKA FISHERIES, INC., a
corporaton, Appellee,

v.

KIMBRELL–LAWRENCE TRANSPOR-
TATION, INC., a corporation, d/b/a
Pioneer Alaska Line and M/V WEST-
ERN PIONEER, her engines, tackle,
apparel, furniture and equipment, Ap-
pellants.

No. 71–2400.

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1972.

Raymond J. Petersen (argued), of
Maxwell & Petersen, Seattle, Wash., for
appellants.

Dwight L. Guy (argued), Martin P.
Detels, Jr., of Detels, Draper & Marin-
kovich, Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and
GOODWIN, Circuit Judges.

PER CURIAM:

The award of damages under the Car-
riage of Goods at Sea Act, 46 U.S.C. §
1300 et seq., for damage to a shipment
of frozen fancy King Crab is affirmed.

The burden of exculpation was on the
carrier. The trial judge was not satis-
fied with any of the explanations of the
carrier. On the record, he could proper-
ly so conclude.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert GRAFF, Defendant-Appellant.

No. 71–2346.

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1972.

Robert H. Stevenson (argued), Seat-
tle, Wash., for defendant-appellant.

Thomas B. Russell, Asst. U. S. Atty.
(argued), Ernest Scott, Jr., Asst. U. S.
Atty., Stan Pitkin, U. S. Atty., Seattle,
Wash., for plaintiff-appellee.

Before CHAMBERS, HAMLEY and
GOODWIN, Circuit Judges.

PER CURIAM:

The judgment of conviction for pos-
session of and for transferring an auto-
matic rifle is affirmed.

In our view, the implications of Unit-
ed States v. Freed, 401 U.S. 601, 91 S.
Ct. 1112, 28 L.Ed.2d 356 (1971) require
affirmance.

While the record would seem to in-
dicate that Graff is not vicious but a
bumbler, our view is that the jury's ver-
dict was permissible.

True, it is a felony conviction, but it
is apparent that if defendant is a good
probationer, because of his youth, his
conviction will disappear from the record
under applicable law.